ROBERT W. BECK, ESQ., SBN 64885
NICHOLAS BROWNING III, ESQ., SBN 65334
**THOMAS H. HUTCHINSON, ESQ. SBN 124941**
LAW OFFICES OF BECK AND BROWNING
3828 Carson Street, Suite 100
Torrance, California 90503-0324
Phone (310) 316-4332 Fax (310) 316-0324

LAW OFFICES OF MICHAEL A. GARDINER
**MICHAEL A. GARDINER, ESQ., SBN 142321**
1230 Columbia Street, Suite 1120
San Diego, California 92101
Phone: (619) 238-9800
Facsimile: (619) 814-3727

Attorneys for Plaintiff, BIG SCREEN ENTERTAINMENT GROUP, INC.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BIG SCREEN ENTERTAINMENT, INC., <br><br> Plaintiff, <br><br> vs. <br><br> B.J. DAVIS, <br><br> Defendant. | **CASE NO. CV06-3800-AHM (AJWx)** <br><br> **FINAL JUDGMENT ON CONSENT** <br><br> **(Note changes made by the Court)** |

Plaintiff, BIG SCREEN ENTERTAINMENT GROUP, INC. (hereinafter "BSEG") HAVING FILED A Complaint against B.J. DAVIS (hereinafter "DAVIS") individually ("Defendant"), for declaratory relief with regard to the ownership of the copyright for the motion picture "Forget About It", and the parties desiring to settle the controversy between them without any admission of liability and having entered into a

Settlement Agreement for that purpose; and such Settlement Agreement providing for, *inter alia*, the entry of a Final Judgment Upon Consent; and for good cause shown; it is hereby

ORDERED, ADJUDGED AND DECREED as between the parties hereto that:

1. This Court has jurisdiction over the parties and over the subject matter hereof pursuant to 28 U.S.C. §§ 1331 and 1338.

2. <u>Definitions</u>

A. The "Picture" shall mean the motion picture "Forget About It", trailers, posters and box art therefore.

B. "Copyright" shall mean the copyright for the Picture obtained by BSEG issued in the United States Copyright Office on April 13, 2007, effective as of April 28, 2006.

C. The "Settlement Agreement" shall mean the written resolution of claims between BSEG and DAVIS entered into as of February 7, 2008 to forever settle disputes and liabilities among the parties.

3. BSEG is the owner of the Copyright for the Picture and, where applicable, the registrations therefore. Such Copyright is valid and subsisting and is in full force and effect.

4. Defendant B.J. DAVIS and his agents, employees, representatives, and any and all persons or entities acting under his direction, control, authorization or license,

are hereby permanently enjoined and restrained from interfering with or hindering Plaintiff, BSEG's existing or prospective relationships with any distribution company, exhibitor, sales agent, or any other entity involved in the exploitation of film rights concerning the motion picture "Forget About It" ("Picture") and any efforts to obtain publicity reasonably related thereto. This injunction includes, without limitation, a prohibition against making assertions that BSEG does not have the right to sell, license or otherwise transfer rights in the Picture, or claming that DAVIS and his agents, employees, or representatives have the right to sell, license or otherwise transfer rights in the Picture.  Nothing herein shall prevent DAVIS from acting in accordance with his rights and duties pursuant to Paragraph 4 of the Settlement Agreement.

Plaintiff's preliminary injunction bond is hereby released and DAVIS' rights to access to agreement concerning the distribution of the Picture or to the accounting or distribution of revenues from the distribution of the Picture shall be governed solely by the terms of the Settlement Agreement.

The Order of Contempt against DAVIS issued herein on December 10, 2008 is hereby discharged.

5. The Settlement Agreement contains a provision for the accounting for and distribution of revenues generated by the distribution of the film. Plaintiff's obligations are incorporated herein. No other award for damages, profits, costs, disbursements or to account to Defendant or make monetary payments to Defendants' attorney's fees is

-3-
FINAL JUDGMENT UPON CONSENT

made herein, and, other than this award, all parties are to bear their own costs and attorney's fees.

6. The exclusive jurisdiction of this Court is retained for the purpose of making any further orders necessary or proper for the construction or modification of this Final Judgment, the enforcement thereof and the punishment of any violations thereof, and the enforcement of any provisions of the Settlement Agreement entered into between the parties. Any motion or proceedings under this Paragraph 6 shall be venued in the United Stated District Court for the Central District of California, and the parties consent to this Court's venue and personal jurisdiction for any such motion or proceeding under this Paragraph 6. *The Court will retain jurisdiction and enforce the Settlement Agreement only if the Settlement Agreement is filed by not later than March 13, 2008. It may be filed under seal.*

7. This Judgment shall be deemed to have been served upon Defendant at the time of its execution by the Court. Any violation of this Final Judgment By Consent by any party shall be punishable by a fine of $1,000.00 per day for each day from and after the date on which the Court enters an order finding such violation established by either party by a preponderance of the evidence after notice and opportunity to be heard until Defendant purges himself of such violation to the satisfaction of the Court.

/ / /

/ / /

1  8. The rights contained in this Final Judgment on Consent, including the right
2  to enforce its terms shall be freely assignable to the fullest extent permitted by law.
3
4
5  Dated: March 11, 2008
6  _____
7  **Make JS-6**                               Hon. A. Howard Matz
                                               Judge of the U.S. District Court
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CONSENTS

The undersigned hereby consent to the entry of a Final Judgment Upon Consent in the form annexed hereto or in such other form as the Court have approve.

DATED: ~~January~~ Feb. 7 ___, 2008   Plaintiff, BIG SCREEN ENTERTAINMENT GROUP, INC.

By: _/s/ Kimberly Kates_____
Name: KIMBERLY KATES
Title: CEO

DATED: ~~January~~ February 6, 2008   Defendant, B.J. DAVIS

By: _/s/ B.J. Davis_____

Approved as to form:

DATED: ~~January~~ February 8, 2008   LAW OFFICES OF BECK AND BROWNING
LAW OFFICES OF MICHAEL A. GARDINER

By: _/s/ Nicholas Browning III_____
NICHOLAS BROWNING III
Attorneys for Plaintiff,
BIG SCREEN ENTERTAINMENT GROUP, INC.

DATED: ~~January~~ February 6, 2008   THE GORDON LAW FIRM

By: _/s/ Chance E. Gordon_____
CHANCE E. GORDON, ESQ.
Attorney for Defendant, B.J. DAVIS

-5-
FINAL JUDGMENT UPON CONSENT