O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-3800 AHM (AJWx) | Date | April 15, 2009 |
|---|---|---|---|
| Title | BIG SCREEN ENTERTAINMENT GROUP INC v. DAVIS | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE |
|---|---|

| Stephen Montes | Not Reported | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys **NOT** Present for Plaintiffs: | Attorneys **NOT** Present for Defendants: |
|---|---|

**Proceedings:**   IN CHAMBERS (No Proceedings Held)

On April 10, 2009, Plaintiff Big Screen Entertainment Group, Inc. filed an *ex parte* application for an expansion of the existing vexatious litigant order against pro per Defendant B.J. Davis. That order is attached hereto. The application was served on Defendant on April 10, 2009 by U.S. mail. Defendant has not filed an opposition. To ensure that Defendant has ample opportunity to respond to Plaintiff's contentions, the Court extends the deadline for Defendant to respond by April 17, 2009. Failure to oppose shall be deemed an admission of the factual contentions in the application.

:

Initials of Preparer   smo

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-3800-AHM (AJWx) | Date | December 10, 2007 |
|---|---|---|---|
| Title | BIG SCREEN ENTERTAINMENT GROUP, INC. v BJ DAVIS | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED.STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS)** DEFENDANT'S DISQUALIFICATION OF JUDGE ALVIN HOWARD MATZ FROM THE CASE (DE 184)

The Court has received and considered Defendant's Disqualification of Judge Alvin Howard Matz From the Case. Defendant's most current application is similar to his past applications seeking disqualification. Although Defendant has introduced slightly new factual allegations upon which he seeks relief, these allegations, like previous allegations, are unsubstantiated by any competent evidence. As such, the Court hereby **DENIES** Defendant's application.

Furthermore, in the Court's September 24, 2007 Order, the Court stated that future motions to disqualify based on similar, unsubstantiated allegations may suggest vexatious conduct and result in Defendant's being declared a vexatious litigant. In light of the foregoing, and for the following reasons, the Court declares Defendant a vexatious litigant in this matter.

"It is the policy of the Court to discourage vexatious litigation and to provide persons who are subjected to vexatious litigation with security against the costs of defending such litigation and appropriate orders to control such litigation." Local Rule 83-8.1.

Where a litigant has "abused the Court's process and is likely to continue such abuse," the Court may 1) "order a party to give security . . . to secure the payment of any costs, sanctions or other amounts which may be awarded against a vexatious litigant"; or 2) fashion any appropriate order "to control the conduct of the vexatious litigant." Local Rule 83-8.2; Local Rule 83-8.3. "Such orders may include, without limitation, a directive to the Clerk not to accept further filings from the litigant without payment of normal filing fees and/or without written authorization from a judge of the Court or a Magistrate Judge, issued upon such showing of the evidence supporting the claim as the judge may require." Local Rule 83-8.2.

The current application marks the fourth time Defendant has unsuccessfully attempted to disqualify Judge Matz based on unsubstantiated, groundless allegations. Therefore, this Court finds that

Defendant has abused the Court's process and is likely to continue abusing the system unless protective measures are taken. A such, Defendant is hereby declared a vexatious litigant for purposes of this matter and subject to a prefiling order. Consistent with this finding, the Clerk of Court is ordered to refuse all future applications or motions for disqualification of Judge Matz without express written authorization from a judge of the Court.

**IT IS SO ORDERED.**

|  | : |  |
|---|---|---|
| Initials of Preparer | | slw |