O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-3800 AHM (AJWx) | Date | August 3, 2009 |
|---|---|---|---|
| Title | BIG SCREEN ENTERTAINMENT GROUP INC v. DAVIS | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys **NOT** Present for Plaintiffs:     Attorneys **NOT** Present for Defendants:

**Proceedings:**     IN CHAMBERS (No Proceedings Held)

    The Court has prepared the attached draft ruling on Plaintiff's motion for holding Defendant BJ Davis in contempt. Given the apparent severe adverse impact to the plaintiff of the defendant's conduct that triggered the motion, it is imperative that the rights of the parties as to this contempt citation be determined on a prompt and timely basis. Accordingly, this Court will hold a hearing on the matter on August 17, 2009 at 10:00 a.m.

    The Court is aware that Mr. Davis has claimed unavailability, not only on that date, but through October 15, 2009. The Court cannot credit that claim, given Mr. Davis's previous game-playing, as reflected in prior court rulings. Mr. Davis is invited to attend the August 17 hearing and provide at that time any admissible evidence or argument why the attached order should not be made final.

    Exhibits A and B discussed in the tentative ruling refer to orders of the court dated October 31, 2007 and May 22, 2009, respectively. Since these exhibits have been previously filed, there is no need to attach them here.

                                                                                        :

Initials of Preparer      SMO

DRAFT

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-3800 AHM (AJWx) | Date | |
|---|---|---|---|
| Title | BIG SCREEN ENTERTAINMENT GROUP INC v. DAVIS | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Stephen Montes | | Not Reported | |
| Deputy Clerk | | Court Reporter / Recorder | Tape No. |
| Attorneys **NOT** Present for Plaintiffs: | | Attorneys **NOT** Present for Defendants: | |

**Proceedings:**   IN CHAMBERS (No Proceedings Held)

   This action is again before the Court due to a regrettable but not altogether surprising development. On June 30, 2009 Plaintiff Big Screen Entertainment Group, Inc. filed a motion to hold Defendant B.J. Davis in contempt for violation of the Final Judgment On Consent ("Final Judgment"). Plaintiff alleges that Davis has hijacked its corporate name "Big Screen Entertainment Group, Inc." by incorporating a company under that name in Nevada after an unknown person filed a fraudulent notice of dissolution with the Nevada Secretary of State. Plaintiff alleges that by doing so Davis is interfering with its chain of title for the motion picture "Forget About It" ("the Film"), which Plaintiff has the exclusive right to distribute. Plaintiff also points out that Davis has recently formed a company in Nevada using Plaintiff's former name, Beverly Hills Film Studios, Inc. but does not argue that such action violates the Final Judgment.

   Plaintiff's motion is supported by a sworn declaration from its CEO, Kimberly Kates, and nine exhibits. The Court takes judicial notice of Plaintiff's Exhibits A-G, records from the Nevada Secretary of State.

   On July 17, 2009 (four days late), Davis filed an opposition to the motion, along with nine exhibits, but no declaration.[1] On July 20, 2009, Plaintiff timely filed a reply

---

[1] Davis complains that the Court prevented him from filing an opposition. The docket shows that the opposition was filed. (Docket No. 275.) On July 17, 2009, when Davis filed his opposition, the Clerk gave him a discrepancy notice based on the fact that the case has been closed. However, the discrepancy was never entered onto the docket or

DRAFT

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-3800 AHM (AJWx) | Date | |
|---|---|---|---|
| Title | BIG SCREEN ENTERTAINMENT GROUP INC v. DAVIS | | |

brief and a declaration of Michael Gardiner. On July 24, 2009, Davis belatedly filed a sworn declaration with additional exhibits.

The Court held a hearing on _____.

## I. BACKGROUND

The Court has previously recited background information in its order finding Davis in contempt dated October 31, 2007. That order is attached as Exhibit A and incorporated herein. More recent procedural history is covered by the Court's order concerning Davis's vexatious litigant status dated May 22, 2009. That order is attached as Exhibit B and also incorporated herein. The Court will not repeat the well documented history of this action, but it will recite the relevant portion of the Final Judgment issued on March 13, 2008.

Plaintiff alleges Davis violated paragraph 4 of the Final Judgment. It states in pertinent part:

> Defendant B.J. Davis and his agents, employees, representatives, and any and all persons or entities acting under his direction. . . are hereby permanently enjoined and restrained from interfering with or hindering Plaintiff, BSEG's existing or prospective relationships with any distribution company, exhibitor, sales agent, or any other entity involved in the exploitation of film rights concerning the motion picture "Forget About It" ("Picture") and any efforts to obtain publicity reasonably related hereto. This injunction includes, without limitation, a prohibition against making assertions that BSEG does not have the right to sell, license or otherwise transfer rights in the Picture, or claiming that Davis and his agents, employees, or representatives have the right to sell, license or otherwise transfer rights in the Picture.

The Final Judgment provided for exclusive jurisdiction in this Court for the

---

validated by the Court.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-3800 AHM (AJWx) | Date | |
|---|---|---|---|
| Title | BIG SCREEN ENTERTAINMENT GROUP INC v. DAVIS | | |

purpose of enforcing the judgment. Final Judgment ¶ 6. It also provided that any violation would be punishable by a fine of $1,000 per day if the Court found a violation by a preponderance of the evidence. *Id.* ¶ 7. Plaintiff does not invoke paragraph 7. Rather, Plaintiff seeks a finding of contempt and an order requiring Davis to dissolve the "Big Screen Entertainment Group, Inc." and Beverly Hills Film Studios, Inc. Corporations by filing the necessary certificates of dissolution and other documents with the Nevada Secretary of State. If he fails to do so, Plaintiff asks the Court to fine him $2,500 per day until he complies.

## II.   LEGAL STANDARD FOR HOLDING PARTY IN CIVIL CONTEMPT

A court may hold a party in civil contempt for violating a court order. *See United States v. Ayres*, 166 F.3d 991, 994 (9th Cir. 1999). Civil contempt sanctions serve two purposes: "to coerce obedience to a court order, or to compensate the party pursuing the contempt action for injuries resulting from the contemptuous behavior." *See General Signal v. Donallco, Inc.*, 787 F.2d 1376, 1380 (9th Cir. 1986). In order to obtain contempt sanctions, the moving party must demonstrate by clear and convincing evidence that the other party violated a court order. *See Ayres*, 166 F.3d at 994. Once the moving party establishes the violation, the burden shifts to the alleged contemnor to produce evidence justifying his non-compliance. *See Nat'l Labor Relations Bd. v. Trans Ocean Export Packing*, 473 F.2d 612, 616 (9th Cir. 1973). Unlike criminal contempt proceedings, the party petitioning the court for civil contempt does not have to establish that the respondent intended to violate, or willfully violated, the order. *See N.L.R.B. v. Ironworkers Local 433*, 169 F.3d 1217, 1222 (9th Cir. 1999). A person fails to act as ordered by the court when he fails to take all the reasonable steps within his power to ensure compliance with the court's order. *Shuffler v. Heritage Bank*, 720 F.2d 1141, 1146 (9th Cir. 1983). A party can escape contempt by producing evidence that compliance was not possible, *United States v. Rylander*, 460 U.S. 752, 757 (1983), that he is in substantial compliance, *National Advertising Co. v. City of Orange*, 861 F.2d 246, 250 (9th Cir. 1988), or that his actions are based on a good faith and reasonable interpretation of the court's order. *Diamontiney v. Borg*, 918 F.2d 793, 797 (9th Cir. 1990).

## III.   FINDINGS AND CONCLUSIONS

DRAFT

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-3800 AHM (AJWx) | | Date | |
|---|---|---|---|---|
| Title | BIG SCREEN ENTERTAINMENT GROUP INC v. DAVIS | | | |

The Court makes the following findings and conclusions.

1. The Court's Final Judgment On Consent has been in full force and effect since its issuance on March 11, 2008 and has been binding upon Defendant, his agents, employees and representatives within the meaning of Rule 65(d) of the Federal Rules of Civil Procedure, given that service was effected electronically upon counsel of record for each party on that date.  (At that time, Davis was represented by counsel.)

2. Davis was personally aware of the Final Judgment, as demonstrated by his numerous *pro se* filings seeking to vacate the Final Judgment.  (These filings are listed in the Court's May 22, 2009 order.)

3. The Final Judgment enjoins and restrains Davis from interfering with Plaintiff's efforts to commercially exploit the Film, including to distribute it, and also enjoins and restrains Davis from claiming that Plaintiff does not have the rights to sell, license or otherwise transfer rights in the Film or that Davis has such rights.

4. This Court has jurisdiction to enforce the terms of the Final Judgment, pursuant to the Final Judgment itself and the Court's inherent powers to enforce its orders, through appropriate civil contempt proceedings.  Although Plaintiff is currently doing business as Big Screen Entertainment, Inc., it has standing to enforce the Final Judgment.

5. Big Screen Entertainment Group, Inc. was incorporated in Nevada.  On April 24, 2009, a Certificate of Dissolution for that corporation was filed with the Nevada Secretary of State.  On May 8, 2009, after the filing fee was processed, the Secretary of State processed the Certificate of Dissolution and the dissolution was reflected on the Secretary's website.  Declaration of Kimberley Kates ¶¶ 2, 8-9, Ex. A.

6. On May 11, 2009, Davis filed a document with the Secretary reserving the Big Screen Entertainment Group, Inc. name for himself.  Kates Decl. ¶ 13, Ex. E.

DRAFT

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-3800 AHM (AJWx) | Date | |
|---|---|---|---|
| Title | BIG SCREEN ENTERTAINMENT GROUP INC v. DAVIS | | |

7. On or about May 19, 2009, Kates learned that Big Screen Entertainment Group, Inc. had been dissolved through the filing of the Certificate of Dissolution. However, Kates did not file that Certificate, although it purported to bear her signature. In her sworn declaration, Kates unequivocally testifies that she did not sign her name on the Certificate of Dissolution and that no one at Big Screen Entertainment Group, Inc. filed or authorized its filing. Kates Decl. ¶¶ 3-4. The Certificate listed an address that in fact was no longer the address of Big Screen Entertainment Group, Inc. The method used for the payment of the filing (money order or cashier's check) was not the usual payment method used by Big Screen Entertainment Group, Inc. (namely, corporate check or credit card). Plaintiff has reported this situation to the appropriate authorities. *Id.* ¶¶ 3, 5-7.

8. On May 18, 2009, Kates filed a Certificate of Correction regarding the Certificate of Dissolution, informing the Secretary that the Certificate was a fraudulent filing. *Id.* ¶ 11, Ex. C. On May 13, 2009, BSEG President David Zappone also filed a Certificate of Correction. Because Davis had reserved the Big Screen Entertainment Group, Inc. name already, the office of the Nevada Secretary of State refused to grant Plaintiff's request to undo the dissolution. Kates Decl. ¶ 13.

9. On May 26, 2009, Davis formed a Nevada corporation called Big Screen Entertainment Group, Inc., listing himself as President, Treasurer, Secretary and Director. Kates Decl. ¶ 16, Ex. F.

10. On May 21, 2009, Davis formed a Nevada corporation called Beverly Hills Film Studios, Inc. listing himself as President, Treasurer, Secretary and Director. Kates Decl. ¶ 18, Ex. G. Beverly Hills Film Studios, Inc. is Plaintiff's former corproate name. Plaintiff no longer uses it, although it still owns the <www.beverlyhillsfilmstudios.com> website address. Visitors to that website are automatically forwarded to Plaintiff's website. Kates believes Davis recently created a new website, <www.beverlyhillsfilmstudios.biz>, because this website displays the logo of the old Beverly Hills Film Studio where Davis had worked. Michael _____, a shareholder of BSEG who visited the website <www.beverlyhillsfilmstudios.biz>, was confused about whether BSEG had decided to use that name again. Kates Decl. ¶ 2, Ex. I.

DRAFT

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-3800 AHM (AJWx) | Date | |
|---|---|---|---|
| Title | BIG SCREEN ENTERTAINMENT GROUP INC v. DAVIS | | |

11. Plaintiff has changed its name to "Big Screen Entertainment, Inc." in order to continue its operations as a corporation. Kates Decl. ¶ 24. The Certification of Registration for the Film is in the name of Big Screen Entertainment Group, Inc. Davis has appropriated that name. Therefore, Plaintiff no longer has clear chain of title.

12. Plaintiff has been trying to sell television rights to the Film with the assistance of its domestic distributor, Allumination Filmworks. Kates Decl. ¶ 27; Declaration of Michael A. Gardiner ¶¶ 3, 5-6, Ex. A. One of the "delivery requirements" for a film is a clear chain of title that is satisfactory to the buyer. Gardiner Decl. ¶ 7; Declaration of B.J. Davis ¶ 6. Plaintiff's ability to negotiate and close distribution deals is negatively impacted by Davis's having taken the Big Screen Entertainment Group, Inc. name. The fact that Plaintiff has already secured certain distributors, such as Allumination Filmworks, who are shopping the Film to other potential buyers, does not mean that chain of title issues are "inconsequential," as Davis claims. *See* Davis Decl. ¶ 6.

13. The foregoing constitutes clear and convincing evidence that Davis has appropriated the Big Screen Entertainment Group, Inc. corporate name, has clouded the chain of title on the copyright for the film, and has thereby interfered with Plaintiff's commercial exploitation of the Film.

14. Davis's opposition fails to justify his non-compliance with the order. He states on page 10 of his brief that the dissolution of Big Screen Entertainment Group, Inc. had nothing to do with him. He does not deny that he reserved the Big Screen Entertainment Group, Inc. name only one business day after the dissolution of that corporation was processed. He does not deny that he has taken the Big Screen Entertainment Group, Inc. name. His opposition brief is replete with mischaracterizations of Plaintiff's arguments and evidence and unconvincing assertions that he has not violated the Final Judgment. His belated declaration does not contain any evidence refuting the showing that Plaintiff has made. The ad

DRAFT

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-3800 AHM (AJWx) | Date | |
|---|---|---|---|
| Title | BIG SCREEN ENTERTAINMENT GROUP INC v. DAVIS | | |

hominem attacks against Michael Gardiner in his declaration are unjustified.[2]

15. Plaintiff has not demonstrated that Davis's formation of the corporation "Beverly Hills Film Studios, Inc." is a violation of the Final Judgment, or that Davis's creation of the website <www.beverlyhillsfilmstudios.biz>, if true, would be a violation of the Final Judgment. Plaintiff argues that Davis's appropriation of the Beverly Hills Film Studios, Inc. corporate name is creating confusion and is part of an ongoing campaign of harassment. However, Plaintiff has not established that its film distribution efforts are being hindered by Davis's use of that name.

**IV. ORDER**

_____ : _____

Initials of Preparer

---

[2] Gardiner stated in his declaration that at outside of the courtroom on the day of a previous contempt hearing (he did not specify the date) Davis specifically threatened to "ruin chain of title." Gardiner Decl. ¶ 9. Davis accuses Gardiner of perjury on the ground that he never appeared at "the" contempt hearing. Davis Decl. ¶ 3. There was more than one contempt-related hearing in October 2007. Davis did not appear at the October 31, 2007 hearing, but he did appear at the October 15, 2007 hearing.