O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-3800 AHM (AJWx) | Date | September 15, 2009 |
|---|---|---|---|
| Title | BIG SCREEN ENTERTAINMENT GROUP INC v. DAVIS | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | |
|---|---|---|
| S. Eagle | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys **NOT** Present for Plaintiffs:        Attorneys **NOT** Present for Defendants:

**Proceedings:**        IN CHAMBERS (No Proceedings Held)

The Court has been informed that Defendant BJ Davis has filed a lawsuit in the United States District Court for the District of Arizona naming the Court and others, including the Courtroom Deputy Clerk, as defendants. *BJDavis v. Estate of Salvatore "Bill" Bonanno, et al.*, CV 09-1771-Pax-JAT. Davis lists the following as his contact information: "BJ Davis. 1155 S. Pauer Rd, Ste 14 Mesa, AZ 85206. Tel: (480) 444-2414. E-mail: ReelMovies@aol.com." The Clerk is directed to add this contact information to the service list in this case. The Court and all parties shall use it, in addition to 9903 Santa Monica Blvd, Suite 342 Beverly Hills, CA 90212, to provide notice and service to BJ Davis.

The filing of the Arizona suit does not preclude the Court from continuing to preside over this case, for the following reasons.

The Ninth Circuit has held, "A judge is not disqualified by a litigant's suit or threatened suit against him . . . or by a litigant's intemperate and scurrilous attacks." *United States v. Studley*, 783 F.2d 934, 940 (9th Cir. 1986) (holding that a judge did not need to recuse himself where a defendant "filed a lawsuit against [the judge] and engaged in leafletting activities directed against him" and then argued that "these actions caused [the judge] to be 'poisoned' against her and were grounds for recusal"). *Studley* has since been followed on this point in *United States v. Sutcliffe*, 505 F.3d 944, 958 (9th Cir. 2007) (finding that a judge was not subject to recusal where the "Defendant filed a civil complaint alleging that the trial judge was involved in a conspiracy to violate Defendant's constitutional rights").

The Court will consider the facts of this particular case, however, since "the

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-3800 AHM (AJWx) | Date | September 15, 2009 |
|---|---|---|---|
| Title | BIG SCREEN ENTERTAINMENT GROUP INC v. DAVIS | | |

analysis of a particular [28 U.S.C. §] 455(a) claim [for recusal] must be guided, not by comparison to similar situations addressed by prior jurisprudence, but rather by an independent examination of the unique facts and circumstances of the particular claim at issue." *United States v. Holland*, 519 F.3d 909, 913 (9th Cir. 2008) (internal quotation omitted). The § 455(a) analysis is a two-tier analysis. *Id.* at 914. First, the "judge must apply the 'objective' standard," which "requires recusal if a reasonable third-party observer would perceive that there is a 'significant risk' that the judge will be influenced by the [act in question] and resolve the case on a basis other than the merits." *Id.* Secondly, the "judge must apply the subjective standard articulated in section 455(b) to determine whether he can be truly impartial when trying the case. . . . If the judge feels he cannot hear the case without bias, . . . then the judge has a duty to recuse himself irrespective of how it looks to the public." *Id.* at 915.

As to the first prong, "In evaluating a judge's impartiality, the bias or prejudice 'must stem from an extrajudicial source.'" *Ronwin v. State Bar of Arizona*, 686 F.2d 692, 701 (9th Cir. 1981) (quoting *United States v. Azhocar*, 581 F.2d 735, 739 (9th Cir. 1978)), *rev'd on other grounds sub nom. Hoover v. Ronwin*, 466 U.S. 558 (1984). No objective observer would find that the Arizona lawsuit creates a significant risk of impartiality, given the fact that according to the complaint in that lawsuit the actions of this Court that give rise to Mr. Davis's claim occurred in the performance of judicial duties. Moreover, any judge sued on the alleged bases set forth in that complaint would be entitled to absolute immunity. *Pierson v. Ray*, 386 U.S. 547, 554 (1967); *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 349 (1872). In addition, any objective observer would have the right to take into account the recent ruling of the Chief Judge of the Ninth Circuit in BJ Davis's judicial misconduct complaint against this Court. *In re Complaint of Judicial Misconduct*, — F.3d —, 2009 WL 2619011 (Aug. 27, 2009). In that order, the Chief Judge stated, "Complainant appears to be using the judicial disqualification and judicial complaint processes as a means for achieving litigation objectives that he was unable to achieve on the merits." *Id.* at *2. "In light of the complainant's repeated and vexatious use of judicial procedures to pursue unsubstantiated, frivolous, and already-litigated claims, and the fact that complainant has already been declared a vexatious litigant," the Chief Judge ordered Mr. Davis to show cause "why he should not be subject to a $1000 fine and an order requiring him to obtain leave before filing any further misconduct complaints." *Id.*

O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-3800 AHM (AJWx) | Date | September 15, 2009 |
|---|---|---|---|
| Title | BIG SCREEN ENTERTAINMENT GROUP INC v. DAVIS | | |

For the Court to be forced to step down at this stage, when the duly issued previous orders of the Court appear to have not been complied with, could result in rewarding unfounded defiance of Court orders, which would set a terrible precedent because it would invite other litigants to disregard such orders.  *See Ronwin*, 686 F.2d at 700-01 ("[A] judge is not disqualified merely because a litigant sues or threatens to sue him. . . . Such an easy method for obtaining disqualification should not be encouraged or allowed." (internal quotation omitted)).

Turning to the second requirement under *Holland* and section 455, there are no factors that would preclude the Court from continuing to preside on an impartial basis in this case, and on a subjective basis the Court is convinced that it can continue to do so.

For the foregoing reasons, the Court will continue to preside over this case.

|  | : |
|---|---|
| Initials of Preparer | se |